# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

**CASE NO.:**   3:13-cv-00287-HES-JRK

ADAM BETANCOURT,

Plaintiff,

vs.

STATE OF FLORIDA DEPARTMENT
OF CORRECTIONS; MICHAEL CREWS,
Secretary of the Department of Corrections,
in his official capacity;
STEVEN WELLHAUSEN, Warden of
Columbia Correctional Institution Annex, in
his individual and official capacities;
K. UPHAUS, RN;

Defendants.

_____/

## AMENDED COMPLAINT

Plaintiff sues Defendants Kenneth S. Tucker, Steven Wellhausen, and K. Uphaus for violating his civil rights as protected under 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the United States Constitution, and Defendants State of Florida, Department of Corrections; Kenneth S. Tucker in his official capacity; and Steven Wellhausen in his official capacity, for discriminating against him in violation of Title II of the Americans with Disabilities Act.

### Jurisdiction

1.    This is an action arising under the laws and Constitution of the United States and poses a federal question; this court therefore has jurisdiction pursuant to 28 U.S.C. § 1331.

2.    This is an action to redress the deprivation under color of state law of the Plaintiff's civil rights protected by the Constitution of the United States; this court has jurisdiction pursuant to 28 U.S.C. § 1343.



1

**Parties**

3.      The Plaintiff, Adam Betancourt, was at all time relevant to this action a citizen of the United States incarcerated at Columbia Correctional Institution Annex (Columbia Annex), a correctional institution administered by the State of Florida in Lake City, Florida.

4.      The Florida Department of Corrections is a department and agency of the State of Florida created for the purpose of administering and regulating the state's correctional institutions, including Columbia Annex.

5.      Michael Crews is the Secretary of the Florida Department of Corrections and in that office is the chief executive officer of the Department of Corrections. Tucker is the final policymaker for policies and procedures applying generally to all Florida correctional institutions, including Columbia Annex, and was acting at all relevant times within the scope of his employment and office and under the color of state law. Michael Crews is sued in his official capacity only.

6.      Steven Wellhausen is the Warden of Columbia Correctional Institution and Columbia Annex and is the highest-ranking officer assigned to manage and oversee the operation of those institutions. Wellhausen is a policymaker of policies and procedures at Columbia Correctional Institution and Columbia Annex and was acting at all relevant times within the scope of his employment and office and under the color of state law. Steven Wellhausen is sued in his individual and official capacities.

7.      K. Uphaus was, at all relevant times, a registered nurse (RN) employed by the State of Florida Department of Corrections at the Columbia Correctional Institution Annex and was responsible for providing nursing care to inmates at that institution.

2

## The Disability

8.    At all times material to this complaint, the Plaintiff, Adam Betancourt, suffered full paralysis in his right side from the waist down and numbness in his left leg following a spinal cord injury sustained from a gunshot wound. The Plaintiff also suffers from a neurological condition called neurogenic bladder which causes the Plaintiff to be unable or substantially limited in voiding urine from his bladder without the use of a urethral catheter.

9.    This impairment substantially limits the Plaintiff's major life activities, including walking without the aid of a brace and a cane; standing without a surface on which to balance his weight; and urinating.

10.    Before the Plaintiff was incarcerated within the Florida Department of Corrections, he had access to a brace and a cane which enabled him to walk and stand, and as a result he did not need to use a wheelchair or disability-accessibility features designed to facilitate the use of facilities by an individual requiring a wheelchair for mobility.

11.    Staff of the Florida Department of Corrections will not allow the Plaintiff to possess a cane or brace while he is incarcerated at DOC facilities, citing security concerns.

12.    Because the Plaintiff cannot walk or stand unaided by a cane or a brace or a surface to lean on, healthcare staff working at DOC facilities have issued the Plaintiff a wheelchair for mobility as a necessity.

13.    An inmate within the Florida Department of Corrections may not possess a wheelchair unless DOC-employed or –contracted healthcare workers have determined that a wheelchair is medically necessary for that inmate.

## **Allegations**

14.     All conditions precedent to the filing of this action have been fulfilled or waived, including, but not limited to, exhausting the administrative grievance process.

15.     State correctional facilities have a duty under the Eighth and Fourteenth Amendments to the United States Constitution to provide necessary medical services to the inmates under their care.

16.     State correctional facilities are prohibited from discriminating against disabled individuals who qualify for correctional medical services in the provision of and access to those services, pursuant to Title II of the Americans with Disabilities Act.

17.     In order to ensure that claims of inadequate medical care and other civil rights violations within prisons are handled timely and efficiently without incurring the societal costs of litigation, federal and state law require that the Florida Department of Corrections institute a system of administrative remedies and that currently incarcerated persons avail themselves of any available procedures to attempt to resolve disputes over medical care before resort to the judicial system. See 42 U.S.C. § 1997e; Fla. Stat. § 944.331; Fla. Admin. Code § 33-103.001 *et seq.*

18.     In spite of the clear responsibility of the Florida Department of Corrections to provide necessary medical care to its inmates regardless of disability, and to resolve any concerns about the provision of that care in a timely and efficient manner, the Department is faced with a growing and aging inmate population and serious budgetary constraints within which to provide adequate care to that population.

19. The Plaintiff, Adam Betancourt, is in the custody of the Florida Department of Corrections, and has been housed at multiple prisons run by the Department of Corrections, including the Central Florida Reception Center and Columbia Correctional Institution Annex.

20. The Plaintiff was confined to a cell that did not comply with ADA standards for persons with his needs at all times relevant to this complaint.

21. The Plaintiff's housing cell did not have handlebars and/or grab bars commonly used by paraplegics to assist them in getting out of their wheelchairs and onto other surfaces such as the toilet and bed, and the toilet and sink in the cell were not at an appropriate height to allow the Plaintiff to use them; nor was there adequate space as required to either reside in the cell or align himself for transfer to bed or toilet.

22. The Plaintiff's housing cell is not large enough for a person in a wheelchair to move while another person is in that cell.

23. The Plaintiff's housing cell was used to house other inmates at the same time as the Plaintiff.

24. The Plaintiff requires the use of disposable catheters to sanitarily pass urine.

25. Plaintiff requires a disposable catheter each time he needs to urinate in order to avoid contracting urinary tract infections.

26. The Defendants failed to provide the Plaintiff with an adequate quantity of disposable catheters or with equipment to sterilize urinary catheters.

27. The Plaintiff has suffered and continues to suffer from repeated urinary tract infections and kidney infections because he cannot obtain catheters that are safe to use when he needs to urinate.

28.     The use of a previously used catheter that has not been sterilized poses a high risk of infection to its user.

29.     Urinary tract infections caused by contaminated catheters are bacterial infections that affect the urinary tract, causing a burning sensation during urination, pain in the groin, abdomen and lower back, and the urge to urinate frequently. In more serious cases, urinary tract infections can cause bloody discharge or pus in the urine, fever, nausea and vomiting.

30.     The Plaintiff routinely had to reuse dirty, used catheters to relieve himself because nursing staff members at the prison frequently failed or refused to provide clean catheters to the Plaintiff when he needed them.

31.     At the time, prison staff told Plaintiff each time he needed to urinate, to report to medical for a catheter.  Plaintiff did not and does not have the liberty to do this and should not have to do this every time he needs to relieve himself.  Defendants knew that this was not feasible to reasonably accommodate the Plaintiff's need for catheters.

32.     As a result of the Plaintiff's re-use of dirty, used catheters, made necessary by the nursing staff's failure and refusal to provide the Plaintiff with the sterile catheters the Plaintiff needed to safely pass urine, the Plaintiff suffered from frequent urinary tract infections.

33.     While the Plaintiff was confined in Dormitory N, the prison did not provide disposal containers for the Plaintiff's soiled diapers; he was left with no choice but to keep his use diapers in the open in his cell until an orderly came around to collect the diapers, leading inmates and prison staff who passed the cell to remark on the overwhelming stench of the diapers.

34.     The Plaintiff frequently stinks of feces because he cannot get enough clean diapers from the prison staff.

35.   The Plaintiff's persistent stench has set him up as an object of ridicule and as a target for hostility from his fellow inmates.

36.   On August 30, 2012, the Plaintiff fell while trying to transfer himself from his wheelchair to the toilet in his cell.

37.   The Plaintiff was desperate to relieve himself hygienically rather than sit in his own feces due to the unavailability of clean diapers and sanitary disposal.

38.   The Plaintiff, rather than contract another painful urinary tract infection from a used catheter because the nurses were not providing clean catheters, was forced to try to transfer from his wheelchair to the toilet routinely.

39.   When he fell, the Plaintiff seriously injured his right ankle, at which time he received no medical attention despite several requests.

40.   The Plaintiff filed grievances regarding his inability to obtain safe catheters on several dates in 2012, including but not limited to June 20, July 9, September 6 and September 28.

41.   The Plaintiff filed grievances regarding his inability to obtain clean diapers and to have his used diapers disposed on several dates in 2012, including but not limited to June 20 and September 28.

42.   The Plaintiff filed grievances notifying the prison that he had contracted urinary tract infections on several dates in 2012, including but not limited to June 27.

43.   The Plaintiff filed grievances regarding the failure of prison staff to provide medical care for his injured ankle and swollen legs on several dates in 2012, including but not limited to September 12, September 20, September 23, and September 28.

44.     The Plaintiff filed grievances regarding the fact that he was placed in a cell that did not comply with ADA standards and did not provide a reasonable accommodation for his disabilities on several dates in 2012, including but not limited to August 30 and September 4.

45.     On multiple occasions, the Plaintiff has been discouraged by prison staff members from filing grievances regarding his treatment.

46.     The Plaintiff has been told on occasion by prison staff members that no grievance forms are available and on other occasions that the prison staff members do not want to give the Plaintiff a grievance form.

47.     During the entire period from mid-August 2012 until the present, the Defendants made no attempt to place the Plaintiff in a handicapped compliant cell designed to accommodate a paraplegic inmate bound to a wheelchair.

48.     During the period from June 2012 to the present, the Defendants did not meaningfully address the Plaintiff's repeated complaints that nursing staff and other officers at Columbia Annex were preventing the Plaintiff from receiving adequate numbers of sterile catheters or diaper disposal, forcing the Plaintiff to use dirty catheters and expose himself to urinary tract infections and to live surrounded by unsanitary, soiled diapers and the persistent smell of excrement.

49.     During the period from September 2012 until the present, the Defendants failed to provide treatment for the Plaintiff's painfully swollen legs, despite the Plaintiff's repeated calls for medical care for his serious condition.

## COUNT ONE
## TITLE II OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12101 et seq.) AGAINST STATE OF FLORIDA, DEPARTMENT OF CORRECTIONS AND KENNETH S. TUCKER AND STEVEN WELLHAUSEN IN THEIR OFFICIAL CAPACITIES

50.    Paragraphs 1 through 49 are hereby incorporated as if fully stated herein.

51.    At all relevant times, the Plaintiff, Adam Betancourt, was a qualified individual who suffered from impairments which substantially limited major life activities including walking, standing, and use of toilet facilities.

52.    These impairments constituted a disability within the meaning of the Americans with Disabilities Act.

53.    The Plaintiff was excluded from participation in or denied the benefits of services provided by the Florida Department of Corrections at the Columbia Correctional Institution Annex, including medical services; mobility and access to the various parts of his cell; and the use of toilet facilities, for which he was qualified to participate, because of his disability.

54.    By intentionally excluding and denying the Plaintiff access to services known to be medically necessary and in which the Plaintiff was qualified to participate, and by failing to provide accessible facilities to the Plaintiff, the Defendant, Florida Department of Corrections, has discriminated against the Plaintiff in violation of Title II of the Americans with Disabilities Act, codified at 42 U.S.C. § 12132.

55.    As a direct and proximate result of the violation by the Department of Corrections of the Plaintiff's rights under Title II of the Americans with Disabilities Act, the Plaintiff has suffered aggravation of his ankle and leg injury; pain and suffering in his left and right feet and legs, as a result of his untreated injuries; severe urinary tract/kidney infections; pain and suffering in his urinary tract and kidneys from recurring urinary tract infection; and humiliation, emotional and mental anguish.

WHEREFORE, the Plaintiff seeks:

9

i.        a declaratory judgment by this court that the rights of the Plaintiff under Title II of the Americans with Disabilities Act were violated and grant relief against the State of Florida;

ii.       As against Steven Wellhausen in his official capacity, injunctive relief directing Wellhausen and/or his successors to put into place such policies and procedures at Columbia Correctional Institute and all other correctional facilities under their control as will bring those facilities into full compliance with the Americans with Disabilities Act and prevent further discrimination against the Plaintiff and those similarly situated to him;

iii.     As against Kenneth S. Tucker in his official capacity, injunctive relief directing Tucker and/or his successors to put into place such policies and procedures at the Florida Department of Corrections and all correctional facilities under its control as will bring those facilities into full compliance with the Americans with Disabilities Act and prevent further discrimination against the Plaintiff and those similarly situated to him;

iv.      compensatory damages; and

v.       costs, litigation expenses and attorneys' fees attendant with the prosecution of this action pursuant to 42 U.S.C. § 12205 and 42 U.S.C. § 1988.

## COUNT II – 42 U.S.C. § 1983/EIGHTH AND FOURTEENTH AMENDMENTS AGAINST K. UPHAUS AND STEVEN WELLHAUSEN

56.     Paragraphs 1 through 49 are hereby incorporated as if fully stated herein.

57.     The Plaintiff, Adam Betancourt, suffered from serious painful and dangerous swelling of his feet and legs and frequent urinary tract infections, which require medical services during his stay at the Columbia Correctional Institution Annex.

58.     The Plaintiff has also been forced, despite frequent pleas for help and accommodation over several months, to cope with inadequate numbers of catheters which are sterile and safe to use, which the Plaintiff needs to remove urine from his body.

59.     The Plaintiff has also been subjected to unsafe, unsanitary and inhumane conditions, including being forced to live in close proximity to large numbers of disposable diapers soiled with his own excrement, because despite the Plaintiff's frequent pleas for help and accommodation, the defendants routinely failed to provide disposal of the Plaintiff's used diapers.

60.     Each of the defendants, acting under color of State law, knew that the Plaintiff, Adam Betancourt, suffered from these serious painful, unsafe and inhumane conditions, but despite this knowledge, Defendants repeatedly denied necessary medical care and sanitation to the Plaintiff.

61.     The acts of the Defendants as described above violate the Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution to be free from cruel and unusual punishments.

WHEREFORE, the Plaintiff seeks the following relief:

    i.   A declaration that the Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution were violated by the defendants;

    ii.  Compensatory damages;

    iii.   punitive damages; and

    iv.   Costs and reasonable attorney's fees attendant with the prosecution of this action pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 12205.

## COUNT THREE – 42 U.S.C. § 1983/EIGHTH AND FOURTEENTH AMENDMENTS/ SUPERVISORY LIABILITY AGAINST KENNETH S. TUCKER AND STEVEN WELLHAUSEN

62.    Paragraphs 1 through 49 and 56 through 61 are hereby incorporated as if fully stated herein.

63.    The acts of the Defendants in causing the Plaintiff to suffer because of his disability and injuries without the provision of necessary medical care were made pursuant to an official policy, procedure, ordinance or directive of the State of Florida, Department of Corrections and/or the Columbia Correctional Institution Annex, to refuse to accommodate detainees with specific needs due to their disabilities in order to save money on medical treatment and care.

64.    The deliberate indifference to the medical needs of inmates was so widespread and ongoing as to constitute a custom of the Department and/or Columbia Correctional Institution Annex and was the moving force behind the deprivation of the Plaintiff's constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution.

65.    Each institutional policymaker named herein as a Defendant has a policy or custom of encouraging, tolerating, permitting and ratifying a pattern of such behavior which has been known to them prior to this incident; and because of their failure to properly address and correct this inhumane, cruel and unusual pattern of activity, such failure shall be considered a policy and custom attributable to such policymaker.

WHEREFORE, the Plaintiff seeks the following:

    i.   A declaration that the Plaintiff's rights as protected by the Eighth and Fourteenth Amendments to the United States Constitution to be free from cruel and unusual punishment were violated by the defendants;

    ii.  A declaration that said rights were violated as a consequence of a policy, practice or custom instituted by the policymakers;

    iii. Injunctive relief directing the defendants in their official capacities to make such policy, procedure or directives as is necessary to provide the Plaintiff with necessary medical treatment and care.

    iv. Compensatory damages;

    v.  Costs and reasonable attorneys' fees attendant with the prosecution of this action pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 12205.

## COUNT FOUR
## REHABILITATION ACT OF 1973
## (29 U.S.C. § 794) AGAINST STATE OF FLORIDA

66.    Paragraphs 1 through 49 are hereby incorporated as if fully set forth herein.

67.    The Florida Department of Corrections is a recipient of federal financial assistance.

68.    At all relevant times, the Plaintiff, Adam Betancourt, was a qualified individual who suffered from impairments which substantially limited major life activities including walking, standing, and use of toilet facilities.

69.    These impairments constituted a disability within the meaning of the Rehabilitation Act of 1973.

13

70.     The Plaintiff was excluded from participation in or denied the benefits of services provided by the Florida Department of Corrections at the Columbia Correctional Institution Annex, including medical services; mobility and access to the various parts of his cell; and the use of toilet facilities, for which he was qualified to participate, solely by reason of his disability.

71.     By intentionally excluding and denying the Plaintiff access to services known to be medically necessary and in which the Plaintiff was qualified to participate, and by failing to provide accessible facilities to the Plaintiff, the Defendant, Florida Department of Corrections, has discriminated against the Plaintiff in violation of Section 504 of the Rehabilitation Act of 1973, codified at 29 U.S.C. § 794.

72.     As a direct and proximate result of the violation by the Department of Corrections of the Plaintiff's rights under Section 504 of the Rehabilitation Act of 1973, the Plaintiff has suffered aggravation of his ankle and leg injury; pain and suffering in his left and right feet and legs, as a result of his untreated injuries; severe urinary tract/kidney infections; pain and suffering in his urinary tract and kidneys from recurring urinary tract infection; and humiliation, emotional and mental anguish.

WHEREFORE, the Plaintiff seeks:

        i.  a declaratory judgment by this court that the rights of the Plaintiff under Section 504 of the Rehabilitation Act of 1973 were violated by the State of Florida;

        ii.  As against Steven Wellhausen in his official capacity, injunctive relief directing Wellhausen and/or his successors to put into place such policies and procedures at Columbia Correctional Institute and all

other correctional facilities under their control as will bring those facilities into full compliance with the Americans with Disabilities Act and prevent further discrimination against the Plaintiff and those similarly situated to him;

   iii.  As against Kenneth S. Tucker in his official capacity, injunctive relief directing Tucker and/or his successors to put into place such policies and procedures at the Florida Department of Corrections and all correctional facilities under its control as will bring those facilities into full compliance with the Americans with Disabilities Act and prevent further discrimination against the Plaintiff and those similarly situated to him;

   iv.  compensatory damages; and

   v.  costs, litigation expenses and attorneys' fees attendant with the prosecution of this action pursuant to 42 U.S.C. § 12205, 42 U.S.C. § 1988, and 29 U.S.C. § 794a.

**COUNT FIVE**
**42 U.S.C. § 1983 / FIRST AND FOURTEENTH AMENDMENT (DEPRIVATION OF DUE PROCESS AND ACCESS TO COURTS) AGAINST DEFENDANTS TUCKER AND WELLHAUSEN**

73.    Paragraphs 1 through 46 are hereby incorporated as if fully stated herein.

74.    The First and Fourteenth Amendments to the Constitution of the United States afford prisoners the right of access to courts for the redress of grievances suffered while in confinement.

75.    The Prison Litigation Reform Act, codified at 42 U.S.C. § 1997e, states that "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other

15

Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

76.     The Plaintiff has been denied on several occasions the opportunity to file the grievances which are a prerequisite to a civil action regarding the conditions in which the Plaintiff is kept, by the refusal of prison officers to provide the Plaintiff with the forms that the State of Florida prescribes for the filing of a grievance.

77.     The effect of frustrating the Plaintiff's ability to obtain the forms necessary to file grievances under the regulatory grievance scheme of the Florida Department of Corrections is to deny the Plaintiff meaningful access to the courts.

78.     The acts of correctional officers in frustrating the Plaintiff's access to the means to file a grievance in accordance with Department of Corrections procedures were made pursuant to a policy, procedure, ordinance or directive of the State of Florida, Department of Corrections and/or the Columbia Correctional Institution Annex, to frustrate access to the means to file grievances in order to discourage inmates from challenging the conditions of their confinement, including the failure of the Department and the institution to comply with the Americans with Disabilities Act and to provide necessary care for inmates' serious medical needs.

79.     The deliberate indifference to the right of inmates to have meaningful access to the courts was so widespread and ongoing as to constitute a custom of the Department and/or Columbia Correctional Institution Annex and was the moving force behind the deprivation of the Plaintiff's constitutional rights under the First and Fourteenth Amendments to the United States Constitution.

80.     Each institutional policymaker named herein as a Defendant has a policy or custom of encouraging, tolerating, permitting and ratifying a pattern of such behavior which has been known to them prior to this incident; and because of their failure to properly address and correct this pattern of activity, such failure shall be considered a policy and custom attributable to such policymaker.

WHEREFORE the Plaintiff respectfully requests the following relief:

a.      a declaration that the failure of Florida Department of Corrections facilities to supply the necessary grievance forms to inmates upon demand and without delay constitutes a deprivation of inmates' right to meaningful access to the courts as guaranteed by the First and Fourteenth Amendments to the United States Constitution.

b.      Injunctive relief requiring the Florida Department of Corrections and its facilities to keep and promptly provide any and all necessary grievance forms and to take such measures and institute such training as is necessary to apprise correctional officers and employees of their duty to provide access to grievance forms without obstruction or delay.

c.      Attorneys fees, costs and reasonable expenses attendant with the litigation of this count as provided by 42 U.S.C. § 1983 and 42 U.S.C. § 12205.

Dated this 12th day of May, 2014.

Respectfully submitted,

/s/ Michael O. Colgan, Esq.
Michael O. Colgan, Esquire
Florida Bar No.: 27625
mcolgan@likeyourlawyer.com
**Katzman Garfinkel, P.A.**
300 North Maitland Avenue
Maitland, FL 32751
Phone: (407) 539-3900

17

Fax: (407) 539-0211
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY certify that on the 12th day of May, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing:

*/s/ Michael O. Colgan, Esq.*
Michael O. Colgan, Esquire
Florida Bar No.: 27625
mcolgan@likeyourlawyer.com
**Katzman Garfinkel, P.A.**
300 North Maitland Avenue
Maitland, FL 32751
Phone: (407) 539-3900
Fax: (407) 539-0211
Attorneys for Plaintiff