UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ADAM BETANCOURT,**

    Plaintiff,

v.                                                     Case No. 3:13-cv-00287-HES-JRK

**STATE OF FLORIDA DEPARTMENT
OF CORRECTIONS; MICHAEL
CREWS, Secretary of the
Department of Corrections, in his
official capacity;
STEVEN WELLHAUSEN, Warden of
Columbia Correctional Institution Annex, in
his individual and official capacities;
K. UPHAUS, RN;**

    **Defendants.**
_____/

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT,
DEFENSES, AND JURY DEMAND**

    Defendants **Uphaus**, **Wellhausen**, **Tucker**, and **Crews**, through undersigned counsel, file this answer in response to Plaintiff's amended complaint (DE 81) and state as follows:

### Jurisdiction

1. Admitted for jurisdictional purposes only.

2. Admitted for jurisdictional purposes only.

### Parties

3. Admitted.

4. The duties and responsibilities of the Florida Department of Corrections are defined by statute. To the extent a further response is required, this paragraph is denied.

5. Michael Crews is the Secretary of the Department of Corrections and his duties and responsibilities are defined by law.  Denied that Tucker is the final policymaker.  To the extent a further response is required, this paragraph is denied.

6. The responsibilities of Steven Wellhausen are defined by statute, rule and orders from the Department Secretary.  Denied that Wellhausen is the warden of Columbia C.I. or makes its policies and procedures.  To the extent a further response is required, this paragraph is denied.

7. Admitted that Nurse Uphaus was employed by the Department from 10/30/09 until 10/25/12.  Otherwise denied as stated.

## The Disability

8. Plaintiff suffers paralysis of his right leg from the waist down and suffers from a neurologic bladder, both from a gunshot wound. Otherwise denied as stated.

9. Without knowledge of the complete truth of this allegation.

10. Admitted.

11. Admitted.

12. Admitted that Plaintiff was issued a wheelchair.  Without knowledge of the complete truth of the remainder of the statement.

13. Admitted.

## The Allegations

14. Denied.  As to exhaustion of the administrative grievance procedure, this allegation is pure fabrication.

15. Admitted that the law defines the responsibilities state correctional facilities have.  Otherwise denied as stated.

16. Admitted that the law defines the responsibilities state correctional facilities have. Otherwise denied as stated.

17. Admitted that the law defines the responsibilities state correctional facilities have. Otherwise denied as stated.

18. Admitted that the Department must operate within its allocated budget. To the extent a further response is required, this paragraph is denied.

19. Admitted.

20. Admitted that on certain occasions, Plaintiff was housed in cells that did not fully meet ADA specifications. Otherwise denied.

21. Admitted that on certain occasions, Plaintiff was housed in cells that did not fully meet ADA specifications. Otherwise denied.

22. Without knowledge.

23. Admitted that this was true on certain occasions. Otherwise denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied, assuming the user properly cleanses it before reusing the catheter.

29. Without knowledge as to what a "contaminated catheter" may cause.

30. Without knowledge as to whether Plaintiff reused dirty catheters. Otherwise denied.

31. Admitted that he was told to report to medical to obtain catheters during a certain time period. Otherwise denied.

32. Denied.

33. Denied as Plaintiff stated at his deposition that he rolled used diapers out of his cell under the door so inmate orderlies could collect them.

34. Without knowledge as to whether Plaintiff stinks, otherwise denied.

35. Without knowledge.

36. Without knowledge.

37. Denied.

38. Without knowledge or denied.

39. Denied.

40. Admitted that Plaintiff had grievance forms available to him and filed grievances on a number of occasions. The content of each grievance speaks for itself. Otherwise denied or without knowledge.

41. Admitted that Plaintiff had grievance forms available to him and filed grievances on a number of occasions. The content of each grievance speaks for itself. Otherwise denied or without knowledge.

42. Admitted that Plaintiff had grievance forms available to him and filed grievances on a number of occasions. The content of each grievance speaks for itself. Otherwise denied or without knowledge.

43. Admitted that Plaintiff had grievance forms available to him and filed grievances on a number of occasions. The content of each grievance speaks for itself. Otherwise denied or without knowledge.

44. Admitted that Plaintiff had grievance forms available to him and filed grievances on a number of occasions. The content of each grievance speaks for itself. Otherwise denied or without knowledge.

45. Denied.

46. Denied.

47. Denied as pure fabrication.

48. Denied

49. Denied.

## Count I

50. Defendants re-assert their responses to paragraphs 1-49.

51. Without knowledge.

52. Without knowledge.

53. Denied as stated.

54. Denied.

55. Denied.

To the extent that relief requested requires a response, Defendants deny that Plaintiff is entitled to any relief.

## Count II

56. Defendants re-assert their responses to paragraphs 1-49.

57. Admitted that Plaintiff complained of, and was treated for, these conditions. Otherwise denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

To the extent that relief requested requires a response, Defendants deny that Plaintiff is entitled to any relief.

## Count III

62. Defendants re-assert their responses to paragraphs 1-49, 56, and 61.

63. Denied.

64. Denied.

65. Denied.

To the extent that relief requested requires a response, Defendants deny that Plaintiff is entitled to any relief.

## Count IV

66. Defendants re-assert their responses to paragraphs 1-49.

67. Admitted.

68. Without knowledge.

69. Without knowledge.

70. Denied.

71. Denied.

72. Denied.

To the extent that relief requested requires a response, Defendants deny that Plaintiff is entitled to any relief.

## Count V

73. Defendants re-assert their responses to paragraphs 1-46.

74. Admitted that the law states what it states. Otherwise denied.

75. Admitted that the law states what it states. Otherwise denied.

76. Denied as pure fabrication.

77. Denied, as the factual basis for this allegation is pure fabrication.

78. Denied as pure fabrication.

79. Denied as pure fabrication.

80. Denied as pure fabrication.

To the extent that relief requested requires a response, Defendants deny that Plaintiff is entitled to any relief.

### Defenses

1. Plaintiff failed to exhaust his administrative remedies.

2. Plaintiff fails to state a claim upon which relief can be granted.

3. Plaintiff fails to establish any violation of his constitutional rights or his rights under the ADA/RA.

4. Plaintiff is not entitled to compensatory or punitive damages.

5. The State of Florida has sovereign immunity regarding the ADA/RA claims.

6. Plaintiff's claims for injunctive relief under the ADA/RA are moot.

7. The individual defendants are entitled to qualified immunity for the claims of constitutional violations.

8. Plaintiff failed to mitigate his damages.

### Demand for Jury Trial

Defendants demand jury trial on all issues so triable, including, but not limited to, whether any allegation of material fact was pure fabrication.

Respectfully submitted,

**PAMELA JO BONDI**
**ATTORNEY GENERAL**

s/ Lance Eric Neff
LANCE ERIC NEFF
Senior Assistant Attorney General
Florida Bar No. 26626
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
(850) 414-3300 - Telephone
(850) 488-4872 - Facsimile
Lance.Neff@myfloridalegal.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF to counsel of record (John D. Mallah, Karen M. Marcell, and Michael O'Brien Colgan) on this 23rd day of May, 2014.

s/ Lance Eric Neff
LANCE ERIC NEFF
