**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
**CASE NO.:** 3:13-cv-00287-HES-JRK

ADAM BETANCOURT,
                    Plaintiff,

vs.

STATE OF FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,
                    Defendants.
_____/

**SUPPLEMENT TO PLAINTIFF'S RESPONSE**
**TO MOTION FOR SUMMARY JUDGMENT [DE 84]**

        The Plaintiff hereby files the following information to supplement his response to the

Defendants' Motion for Summary Judgment, based on information obtained following filing.

        In the Plaintiff's memorandum in opposition to the Defendants' Motion for Summary

Judgment, the Plaintiff quotes from 33-210.201. The relevant passage, on page 3, states:

> The only mention of the DC2-530 appears in a separate chapter, in 33-210.201
> "ADA Provisions for Inmates." That section explicitly states "Inmates who have a
> complaint alleging a violation of the Americans with Disabilities Act or who want
> to appeal the denial of a request for accommodation shall follow the guidelines set
> forth in Chapter 33-103, F.A.C." [i.e. the informal-formal-appeal grievance procedure
> described above]. Fla. Admin. Code § 33.210-201(5).

        Following the filing of the Plaintiff's memorandum, counsel for the Defendants alerted

Plaintiff's counsel to the fact that the quoted language, from the most current version of 33.210-

201, has been changed from the previous version which was adopted in 2006 and was in effect at

the time of the incidents at issue in this suit. Counsel for the Plaintiff acknowledges this error and

represents that it was made in good faith and not for the purpose of misleading the court or

counsel. The relevant passage in the prior version of 33.210-201 states:

1

(5) Inmates shall appeal the denial of requests for accommodation by following the guidelines set forth in Rule 33-103.001, F.A.C.

Fla. Admin. Code 33.210-201(5) (2006).

Notwithstanding Plaintiff's inadvertent error, a request on a DC2-530 form is not a part of the grievance procedure, any more than a request for medical care to a doctor must be submitted on a DC6-236 form and a response given before the inmate before that inmate may file a formal grievance concerning medical care in order to exhaust his grievances.

At his deposition, Ron McAndrew testified that a DC2-530 form may not be used to request a change in cell assignments. **Exh. F, Deposition of Ron McAndrew, at 122:8 – 122:10**. The grievance procedure specifically states that a "[i]n the case of … grievance alleging violation of the Americans with Disabilities Act," an inmate may utilize the formal grievance process governed by Rule 33-103.006, F.A.C., directly…" Fla. Admin. Code 33-103.002(1) (May 27, 2012). Rule 33-103.006 reiterates that "The following types of grievances may be filed directly with the reviewing authority . . . [g]rievance alleging violation of the Americans with Disabilities Act." Fla. Admin. Code 33-103.006(3)(i) (May 27, 2012).

The drafters of the Department of Corrections regulations had the ability to specify that a DC2-530 form was necessary prior to the filing of a formal grievance directly alleging violation of the ADA. They did not. The language of the DC2-530 form "Reasonable Modification or Accommodation Request" indicates that the purpose of the form is not to complain that your ADA rights have been violated (as they had when the Plaintiff was placed in a non-accessible cell despite his disability) but to make a request that a particular exception be made for you to participate in some activity (e.g. an auxiliary aid such as a hearing aid – see 33-210.201(7)(a)1 – or provision of access to educational and work programs – see 33-210.201(9)).

2

The Plaintiff exhausted his administrative remedies by grieving the non-ADA-compliance of his cell and appealing denials of his grievance through to Secretary's office, which denied his appeal. At no time in the process was he told to resubmit his grievance on a DC2-530. Instead his requests were reviewed and denied. He had no further administrative remedy available to him.

Respectfully submitted,

/s/ Michael O'Brien Colgan
Michael O. Colgan, Esquire
Florida Bar No.:  27625
**Katzman Garfinkel, P.A.**
300 North Maitland Avenue
Maitland, FL 32751
Phone:  (407) 539-3900
Fax:  (407) 539-0211
mcolgan@likeyourlawyer.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY certify that on the 11th day of June, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing:

/s/ Michael O'Brien Colgan
Michael O. Colgan, Esquire
Florida Bar No.:  27625
**Katzman Garfinkel, P.A.**
300 North Maitland Avenue
Maitland, FL 32751
Phone:  (407) 539-3900
Fax:  (407) 539-0211
mcolgan@likeyourlawyer.com
Attorney for Plaintiff